IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANKLIN BLACKMON | : |
| | : CIVIL NO. CCB-08-1806 |
| v. | : CRIMINAL NO. CCB-06-0129 |
| | : |
| UNITED STATES OF AMERICA | : |

o0o

# MEMORANDUM

Franklin Blackmon, a federal prison inmate, was convicted by a jury of being in possession of a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g). On April 18, 2007, he was sentenced to 180 months incarceration as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. On appeal, where he raised sufficiency of the evidence, his conviction was affirmed by the Fourth Circuit. 2007 WL 4322258. He then filed this motion to vacate under 28 U.S.C. § 2255.

Blackmon's § 2255 motion claims that trial and appellate counsel were ineffective, essentially for failing to challenge issues related to his indictment and sentencing. Blackmon asserts that the indictment was defective for failure to charge 18 U.S.C. § 924(e); that the jury, not the judge, should have been required to find the facts as to his prior convictions; and that having the U.S. Probation Office investigate his prior convictions violated the separation of powers. For the reasons explained below, these claims are without merit.

As noted, Blackmon was sentenced under 18 U.S.C. § 924(e). Three prior qualifying convictions were established in the presentence report: (1) a 1995 robbery with a deadly weapon; (2) a 1999 possession with intent to distribute drugs; and (3) a 2003 conspiracy to distribute drugs.[1] His advisory guidelines range, at offense level 33 and criminal history category VI, was

---

[1] Blackmon does not challenge the fact of these convictions.

235-293 months.

At sentencing, contrary to Blackmon's motion, defense counsel challenged the constitutionality of enhancing his sentence based on the court's finding as to his prior convictions. This claim was rejected, however, in light of controlling Supreme Court and Fourth Circuit precedent. *See Almendarez-Torres v. U.S.*, 523 U.S. 224 (1998); *U.S. v. Cheeks*, 415 F.3d 349, 352 (4th Cir. 2005). Far from being "ineffective," counsel then made a persuasive argument for a downward departure under U.S.S.G. § 4A1.3 and 5G1.3, resulting in a sentence of the mandatory minimum 180 months incarceration.

Controlling case law has not changed. The government was not required to charge § 924(e) in the indictment or prove the convictions to a jury. Further, the probation office's investigative function does not violate the separation of powers. *See U.S. v. Washington*, 146 F.3d 219, 223 (4th Cir. 1998). Blackmon has shown neither deficient performance nor prejudice, as required to prevail on this motion. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984); *U.S. v. Terry*, 366 F.3d 312, 314 (4th Cir. 2004).

Accordingly, the motion will be denied by separate Order.

| | |
|---|---|
| February 11, 2009 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |